

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,615-01

### EX PARTE WILLIAM WALTER YOUNGSTROM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR12355 IN THE 335TH DISTRICT COURT
### FROM HOOD COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a controlled substance and sentenced to twenty-seven years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Youngstrom v. State*, No. 07-13-00385-CR (Tex. App.–Amarillo June 9, 2014)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to request a jury instruction regarding illegally obtained evidence pursuant to TEX. CODE

CRIM. PROC. ANN. art. 38.23, failed to object to Applicant's illegal arrest at the suppression hearing that was conducted after Applicant invoked his right to counsel, and failed to request a lesser included offense for possession.

Applicant also contends that appellate counsel rendered ineffective assistance because counsel failed to file a motion for rehearing, to clarify the error in the appellate opinion, that Officer Miller's phone and text messages were not entered into evidence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court shall also order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition

of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 18, 2015
Do not publish